**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00922-REB-PAC

WILLIAM ASHLEY,

    Plaintiff,

v.

POUDRE R-1 SCHOOL DISTRICT, and
CATHY SMITH, in both her official and individual capacities,

    Defendants.

---

**ORDER CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Summary Judgment and Memorandum Brief in Support Thereof** [#54], filed July 17, 2006. The plaintiff has filed a response and the defendants have filed a reply. I grant the motion in part, and deny it in part.[1]

### I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. § 1331**, **28 U.S.C. § 1343**, and **42 U.S.C. § 2000e-5**.

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED. R. CIV. P. 56(c) and (d). *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW & ANALYSIS

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. ***Farthing v. City of Shawnee, Kan***. 39 F.3d 1131, 1134 (10th Cir. 1994).  A "material" fact is one "that might affect the outcome of the suit under the governing law," ***Id.*** at 1135 (citing ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Id.*** (citing ***Anderson***, 477 U.S. at 248).

### A.  Age & Sex Discrimination

In his second amended complaint [#45], filed March 2, 2006, the plaintiff asserts claims of sex discrimination and age discrimination.  The defendants challenge these claims in their motion for summary judgment, and the plaintiff does not address these challenges in his response to the motion for summary judgment.  Once a party moving for summary judgment shows an absence of evidence to support the nonmoving party's case, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1518 (10th Cir.1994) (citing ***Celotex Corp. v. Catrett***, 477 U.S. 317, 325 (1986).  The plaintiff has not met this burden, and the defendants' motion for summary judgment is granted as to the plaintiff's claims of sex discrimination and age discrimination.

### B.  Other Claims

I find that there are a variety of contested issues of material fact relating to the other claims asserted by the plaintiff.  To the extent the defendant may have

...

demonstrated the absence of a material issue of fact on some portion of one or more of these claims, it is not mandatory that I grant partial summary judgment on such claims. **Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's remaining claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law. **See Powell,** 506 F.2d at 765. The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.

### C. Qualified Immunity

I note that defendant Cathy Smith has asserted that she is entitled to qualified immunity as to the plaintiff's claim under 42 U.S.C. § 1983. A motion for summary judgment asserting the defense of qualified immunity must be reviewed differently from other summary judgment motions. **Holland v. Harrington**, 268 F.3d 1179, 1185 (10th Cir.2001), cert. denied, 535 U.S. 1056 (2002). After a defendant asserts qualified immunity, the burden shifts to the plaintiff. **Scull v. New Mexico**, 236 F.3d 588, 595 (10th Cir.2000). The plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right." **Albright v. Rodriguez**, 51 F.3d at 1531, 1534 (10th Cir. 1995); **Wilson v. Layne**, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right). If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct. **Albright**, 51 F.3d at 1534. In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the

3

action at the time and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." ***Wilson v. Layne***, 526 U.S. at 615.

If the plaintiff satisfies both of these elements, the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied. ***Salmon v. Schwarz***, 948 F.2d 1131, 1136 (10th Cir.1991). If the plaintiff fails to satisfy either part of the two-pronged inquiry, then the court must grant qualified immunity. ***Albright***, 51 F.3d at 1535.  In short, although the court must review the evidence in the light most favorable to the plaintiff, the record must clearly demonstrate that he has satisfied his heavy two-part burden.  In civil rights cases, a defendant's unlawful conduct must be demonstrated with specificity. ***Davis v. Gracey***, 111 F.3d 1472, 1478 (10th Cir. 1997).

Having carefully reviewed the record and the evidence submitted by the parties, I conclude that the plaintiff has satisfied his two-part burden concerning Smith's assertion of qualified immunity.  Viewing the evidence in the light most favorable to the plaintiff, the plaintiff has demonstrated facts that could permit a reasonable fact finder to conclude that Smith's actions violated the plaintiff's constitutional rights.  Further, the First Amendment rights that form the basis of the plaintiff's § 1983 claim were clearly established at the time of the alleged unlawful conduct.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants' Motion for Summary Judgment and Memorandum Brief in Support Thereof**  [#54], filed July 17, 2006, is **GRANTED** as to the plaintiff's claim of sex discrimination under Title VII, asserted as part of his First Claim for relief;

2.  That the **Defendants' Motion for Summary Judgment and Memorandum Brief in Support Thereof**  [#54], filed July 17, 2006, is **GRANTED** as to the plaintiff's claim of age discrimination, asserted as his Second Claim for relief; and

3.  That the **Defendants' Motion for Summary Judgment and Memorandum Brief in Support Thereof**  [#54], filed July 17, 2006, otherwise is **DENIED**.

Dated March14, 2007, at Denver, Colorado.

    **BY THE COURT:**

    **s/ Robert E. Blackburn**
    **Robert E. Blackburn**
    **United States District Judge**